| UNITED STATES DISTRICT COURT | USDC SDNY |
| SOUTHERN DISTRICT OF NEW YORK | DOCUMENT |
| ------------------------------------------------------------ X | ELECTRONICALLY FILED |
| ONTEL PRODUCTS CORPORATION, | DOC #: _____ |
| | DATE FILED: May 12, 2017 |
| Plaintiff, | |
| -v- | 17-cv-871 (KBF) |
| AIRBRUSHPAINTING MAKEUP STORE et al., | MEMORANDUM OPINION & ORDER |
| Defendants. | |
| ------------------------------------------------------------ X | |

KATHERINE B. FORREST, District Judge:

This action commenced with an ex parte application for a temporary restraining order ("TRO") and preliminary injunction in which plaintiff alleged trademark infringement under 15 U.S.C. §§ 1051 et seq.; counterfeiting in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c); false designation of origin and unfair competition under 15 U.S.C. §1125(a); copyright infringement under 17 U.S.C. §§ 101 et seq.; and related state and common-law claims. (See Compl., ECF No. 6.) The TRO was granted, and the Court held a duly noticed hearing on plaintiff's application on February 13, 2017, at which defendants failed to appear. (ECF No. 4.) The Court thereafter issued an order to show cause why the TRO should not be extended, and on March 2, 2017, the Court held a duly noticed hearing at which defendants again failed to appear. (EF Nos. 22, 29.) The Court then converted the TRO to a preliminary injunction and directed plaintiff to move for summary judgment. (ECF No. 28.) Despite being properly served with all

orders and filings in this matter, defendants have not appeared.[1]

Before the Court is plaintiff's unopposed motion for summary judgment and a permanent injunction. (ECF No. 23). For the following reasons, the motion is GRANTED.

I. LEGAL STANDARD

Summary judgment may not be granted unless a movant shows, based on admissible evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This burden remains even when a party's motion is unopposed. See Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (quoting Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001)). In making a determination on summary judgment, the court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010) (citing LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp., 424 F>3d 195, 205 (2d Cir. 2005)). In addition, "only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." Porter v.

---

[1] On May 11, 2017, plaintiff filed a notice of voluntary dismissal against seven defendants: Beautiful Queens; Guangzhou Green Technology Co., Ltd.; Guangzhou Yaonifa Electronic Product Co., Ltd. a/k/a Guangzhou Yao Nifa Electronics Co., Ltd.; Jinjin's Store; Shenzhen Liyuan Technology Co., Ltd.; Wenzhou Choice Trading Co., Ltd.; and Healthy Life.

Quarantillo, 722 F.3d 94, 97 (2d Cir. 2013) (internal quotation marks, citation and alterations omitted).

In a Lanham Act action, summary judgment is appropriate "where the undisputed evidence would lead only to one conclusion as to whether confusion is likely." Louis Vuitton Malletier S.A. v. Sunny Merch. Corp., 97 F.Supp.3d 485, 492 (S.D.N.Y. 2015) (quoting Medici Classics Prods. LLC v. Medici Group LLC, 683 F.Supp.2d 304, 308 (S.D.N.Y. 2010)). To prevail on a trademark-infringement claim, "a plaintiff must establish that (1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) in connection with the sale or advertising of goods or services, (5) without the plaintiff's consent" and (6) "that defendant's use of the mark is likely to cause confusion as to the affiliation, connection, or association of defendant with plaintiff, or as to the origin, sponsorship, or approval of the defendant's goods, services, or commercial activities by plaintiff." 1-800 Contacts, Inc. v WhenU.com, Inc., 414 F.3d 400, 406-07 (2d Cir 2005) (internal quotations omitted).

Under the Lanham Act, a trademark owner may elect to recover statutory damages rather than actual damages, and a court may award statutory damages of $500 to $100,000 "per counterfeit mark per type of goods sold as the court considers just." 15 U.S.C. § 1117(c). For willful infringement, a court may award up to $1,000,000 "per counterfeit mark per type of good as the court considers just." Id. Courts in this district have used the following factors when determining a statutory damages award: "(1) 'the expenses saved and the profits reaped;' (2) 'the revenues

3

lost by the plaintiff;' (3) 'the value of the copyright;' (4) 'the deterrent effect on others besides the defendant;' (5) 'whether the defendant's conduct was innocent or willful;' (6) 'whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced;' and (7) 'the potential for discouraging the defendant.'" Gucci Am., Inc. v. Duty Free Apparel, Ltd., 315 F.Supp.2d 511, 520 (S.D.N.Y. 2004) (quoting Fitzgerald Publ'g Co. v. Baylor Publ'g Co., 807 F.2d 1110, 1117 (2d Cir. 1986)).

Copyright infringement requires the copyright holder to prove "ownership of a valid copyright, and . . . copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). To establish copyright infringement, plaintiff "must demonstrate that (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's [work]." Yurman Design, Inc. v. PAJ Inc., 262 F.3d 101, 110 (2d Cir. 2001). The Copyright Act also permits copyright holders to elect statutory rather than actual damages. 17 U.S.C. § 504(c)(1). A court may award from $750 to $30,000 per work infringed "as the court considers just." Id. For willful infringement, a court may award statutory damages of "not more than $150,000" per work infringed. § 504(c)(2).

II. DISCUSSION

Defendants have failed to appear or to oppose any of plaintiff's motions, including the present motion for summary judgment. Nonetheless, the Court must

4

independently assess whether plaintiff has met its burden of showing that there are no triable issues of material fact, even when a motion is unopposed. Vt. Teddy Bear, 373 F.3d at 244. Plaintiff has met that burden here.

Plaintiff's claims relate to its trademark, copyright, and other intellectual property rights in a ceramic hair straightening brush that plaintiff markets under its "SIMPLY STRAIGHT" registered trademark.[2] (Plaintiff's Rule 56.1 Statement of Undisputed Facts ("Pl. 56.1") ¶¶ 9-10, ECF No. 25 at 7-8.) Plaintiff alleges that since October 2014, plaintiff has found over a thousand listings for counterfeit or infringing products on defendants' online storefronts hosted at websites such as Alibaba.com, AliExpress.com, and DHGate.com. (Pl. 56.1 ¶¶ 22, 28-31, ECF No. 25 at 10-12.) Through investigation, plaintiff's counsel determined that each defendant offered sales of the infringing products to U.S. customers and offered shipping of the infringing products to the United States. (Id. ¶¶ 40-50, ECF No. 25 at 14-16.) Additionally, through visual inspection of defendants' listings for infringing products, plaintiff confirmed that every defendant was using a

---

[2] The remaining Lanham Act defendants include the following entities: Airbrushpainting Makeup Store a/k/a Airbrushespainting; Beautiful Station Store; BUNNY HEALTHY Store; Chinaecig88 Technology Co., Ltd. d/b/a Chinaecig88; Coometech a/k/a MyLikeCig; Dongguan Zizi Industrial Co., Ltd. d/b/a Babylisa Store; Global Online Supply – Jason Store; Good Living Trading Co., Ltd. d/b/a Goodliving; Guangzhou VK Electronics Technology Co., Ltd.; GUANGZHOU ZhenFeng Trading Co., Ltd. d/b/a Remotesense; Heathy Life; Lifine Store; LiLi Technical Trading, Co., Ltd. d/b/a Army2012; Michaelbetter; MKBOO Store; Ningbo Dynas Import & Export Co., Ltd.; Ningbo Echo International Trade Co., Ltd.; Ningbo Zobon International Trading Co., Ltd.; Ninghai Jinshun International Trade Co., Ltd.; Rebune2015; Shenzhen ADT Electronic Technology Co., Ltd.; Shenzhen City Liyin Electronic Co., Ltd. d/b/a Sport Mask Wholesale Center; Shenzhen Dream Trad Co., Ltd.; Shenzhen EFA Electrical Co., Ltd.; Shenzhen Houway Technology Co., Ltd.; Shenzhen Justmine Technology Co., Ltd.; Shenzhen Nicesky Leather Case Co., Ltd.; Shenzhen Osenyuan Electronics Co., Ltd.; Shenzhen Shikaite Technology Co., Ltd.; Shenzhen Youbuke Technology Co., Ltd.; Shuchenxuan1231; Swissant E-Commerce Ltd. d/b/a Swissant; Yiwu Tingze Electronic Commerce Firm; Yuyao Longbon Electrical Co., Ltd.; and Zjmzjm198.

counterfeit copy of plaintiff's SIMPLY STRAIGHT mark on or in connection with marketing and sales of counterfeit products. (Id. ¶¶ 40-41.) On these undisputed facts, the Court finds that defendants' use of counterfeit copies of plaintiff's mark is likely to cause consumer confusion. See Fendi Adele S.R.L. v. Filene's Basement, Inc., 696 F. Supp. 2d 368, 383 (S.D.N.Y. 2010).

Because Ontel is entitled to summary judgment on its trademark counterfeiting and infringement claims, Ontel is also entitled to summary judgment on its claims for false designation of origin, passing off, and unfair competition under 15 U.S.C. § 1125(a). See Richemont N. Am., Inc. v. Linda Lin Huang, No. 12-cv-4443, 2013 WL 5345814, at *14-*16 n.15 (S.D.N.Y. Sep. 24, 2013) (internal citations omitted) (finding that a claim for unfair competition under the Lanham Act requires an identical test to that for infringement); Le Book Publ'g, Inc. v. Black Book Photography, Inc., 418 F. Supp. 2d 305, 312 (S.D.N.Y. 2005) (internal citations omitted) (concluding that the test for a claim for false designation of origin under the Lanham Act is virtually the same as the test for trademark infringement). In addition, because Ontel is entitled to summary judgment on its Lanham Act claims, it is also entitled to summary judgment on its state-law claims. See Samsung Display Co. v Acacia Research Corp., No. 14-cv-1353, 2014 WL 6791603, at *15-*16 (S.D.N.Y. Dec. 3, 2014) ("The analysis applied under § 43(a) of the Lanham Act, New York common law, and § 349 [and § 350] of the General Business Law is 'substantially the same.'" (quoting Avon Products, Inc. v. S.C. Johnson & Son, Inc., 984 F. Supp. 768, 800 (S.D.N.Y. 1997))).

6

Plaintiff has also proffered sufficient uncontroverted facts to support its claims for copyright infringement.[3] First, it is undisputed that plaintiff has a valid certificate of registration for its Simply Straight copyright, which creates an presumption, here unrebutted, that the copyright is valid. Durham Indus., Inc. v. Tomy Corp., 630 F.2d 905, 908 (2d Cir. 1980); see also Feist Publ'ns, 499 U.S. at 361.

Second, the undisputed facts demonstrate that "the defendant has actually copied the plaintiff's work," and "a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's [work]." Yurman Design, 262 F.3d at 110. Comparison of plaintiff's Simply Straight work to defendants' works makes clear that defendants have copied by displaying substantially similar, and frequently identical, imitations of the works in connection with marketing and selling counterfeit products. (See, e.g., Pl. 56.1 ¶¶ 41, 51.) These undisputed facts, coupled with plaintiff's undisputed significant and widespread advertising efforts for its Simply Straight products, (id. ¶¶ 15-18, ECF

---

[3] The remaining Copyright Act defendants include the following entities: Airbrushpainting Makeup Store a/k/a Airbrushespainting; Beautiful Station Store; BUNNY HEALTHY Store; Chinaecig88 Technology Co., Ltd. d/b/a Chinaecig88; Coometech a/k/a MyLikeCig; Dongguan Zizi Industrial Co., Ltd. d/b/a Babylisa Store; Global Online Supply – Jason Store; Good Living Trading Co., Ltd. d/b/a Goodliving; Guangzhou VK Electronics Technology Co., Ltd.; GUANGZHOU ZhenFeng Trading Co., Ltd. d/b/a Remotesense; Heathy Life; Lifine Store; LiLi Technical Trading, Co., Ltd. d/b/a Army2012; Michaelbetter; MKBOO Store; Ningbo Echo International Trade Co., Ltd.; Ningbo Zobon International Trading Co., Ltd.; Ninghai Jinshun International Trade Co., Ltd.; Rebune2015; Shenzhen ADT Electronic Technology Co., Ltd.; Shenzhen City Liyin Electronic Co., Ltd. d/b/a Sport Mask Wholsale Center; Shenzhen Dream Trad Co., Ltd.; Shenzhen EFA Electrical Co., Ltd.; Shenzhen Houway Technology Co., Ltd.; Shenzhen Justmine Technology Co., Ltd.; Shenzhen Nicesky Leather Case Co., Ltd.; Shenzhen Osenyuan Electronics Co., Ltd.; Shenzhen Shikaite Technology Co., Ltd.; Shenzhen Youbuke Technology Co., Ltd.; Shuchenxuan1231; Yiwu Tingze Electronic Commerce Firm; Yuyao Longbon Electrical Co., Ltd.; and Zjmzjm198.

No. 25 at 8-9), also support the conclusion that defendants had access to plaintiff's Simply Straight works and, therefore, support a finding of indirect copying. See P&G v. Colgate-Palmolive Co., 199 F.3d 74, 77 (2d Cir. 1999) ("Indirect copying may be shown by demonstrating that the defendant had access to the copyrighted work and that the similarities between the works are probative of copying." (internal citations omitted)).

The Court also finds that there is no disputed material fact as to willfulness. As discussed, defendants' counterfeit products contain marks and artwork that are identical to plaintiff's mark and work. (See, e.g., Pl. 56.1 ¶¶ 41, 51; see also Coach, Inc. v. Melendez, No. 10-cv-6178, 2011 WL 4542971, at *5 (S.D.N.Y. Sep. 2, 2011) ("Because the marks used by defendants on their products are virtually identical to the Coach Registered Trademarks, the conclusion is inescapable that defendants' infringement and counterfeiting is intentional.")).) In addition, infringement is deemed willful "[b]y virtue of the default[.]" Tiffany (NJ) Inc. v. Luban, 282 F.Supp.2d 123, 124 (S.D.N.Y, 2003). Default is precisely what occurred here.

The Court has found liability and willfulness as to all defendants. Plaintiff is therefore entitled to statutory damages under the Lanham Act and the Copyright Act. However, the court must have a reasonable basis to assess a "just" award under both the Lanham and Copyright Acts. See 15 U.S.C. § 1117(c); 17 U.S.C. § 504(c). The Court therefore directs plaintiff to submit a motion for summary judgment on the issue of damages with (1) support for its request of $25,000 in statutory damages per violation and (2) an analysis of whether it may

8

simultaneously recover $25,000 per violation under both the Lanham Act and the Copyright Act. Such motion must be served on defendants and a certificate of service must be filed on the public docket.

III. CONCLUSION

Plaintiff's motion for summary judgment is GRANTED. The Court converts the preliminary injunction entered at ECF No. 28 to a permanent injunction.

Plaintiff is directed to file a motion for summary judgment on damages accompanied by a short memorandum in support of **not more than five pages not later than Friday, May 26, 2017**. The Court waives the requirement to file a statement of undisputed facts under Local Rule 56.1. The memorandum in support shall explain why $25,000 per violation is an appropriate award. Support for such a damages award may include citation to and analysis of cases presenting facts and claims similar to those in this action.

The Clerk of Court is directed to terminate the motion at EFC No. 23. Plaintiff shall serve this opinion & order on all defendants and file proof of such service on the docket.

SO ORDERED.

Dated: New York, New York
May 12, 2017

_____
KATHERINE B. FORREST
United States District Judge